**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TRACY DAVIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-0135 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 30, 31 |
| | : | | |
| TRANSPORTATION SECURITY | : | | |
| ADMINISTRATION, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# <u>MEMORANDUM OPINION</u>

### GRANTING WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MOTION TO DISMISS; GRANTING UNITED STATES TRANSPORTATION SECURITY ADMINISTRATION'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Tracy Davis sued the Washington D.C. transit authority and the United States Transportation Security Administration seeking recovery for injuries her daughter sustained from an explosive-detecting canine. Defendants timely moved to dismiss on various grounds. Well after the deadline for doing so—and without seeking leave from the Court—Plaintiff filed an opposition to the motions. The opposition amounted to little more than two conclusory sentences asking the Court to deny the motions.

Because Plaintiff filed her opposition late and never sought leave from the Court for doing so, the Court disregards it. And because Plaintiff did not even attempt to remedy her late-filing by responding to the arguments made in Defendants' motions to dismiss, the Court deems the arguments as conceded, grants the motions, and dismisses the case.

## II.  FACTUAL BACKGROUND

On Inauguration Day, 2013, Ms. Davis and her daughter A.D. walked to the Metro Center subway station after attending the presidential parade.  Am. Compl. ¶¶ 11–12, ECF No. 26.  As a security measure—and at the request of the U.S. Transportation Security Administration ("TSA") and the Washington Metropolitan Area Transit Administration ("WMATA")—a Monroe County, New York K-9 officer was stationed at the entrance of the Metro station with an explosive detection dog, which Plaintiff alleges was owned and trained by the TSA.  Am. Compl. ¶ 13, 16.  According to Ms. Davis, as she and A.D. were entering the Metro Center station, "the TSA owned and trained dog suddenly and ferociously attacked . . . A.D., biting her hand and causing her injuries."  Am. Compl. ¶ 17.  Ms. Davis now sues WMATA and the TSA for negligence.  Am. Compl. ¶¶ 18–25.

## III.  PROCEDURAL BACKGROUND

The Court previously granted the United States's motion to dismiss the complaint, but granted Plaintiff leave to amend her complaint to name WMATA as a defendant and otherwise refine her factual allegations.  *See* Mem. Op., ECF No. 23, *Davis v. United States*, 196 F. Supp. 3d 106 (D.D.C. 2016).  The Court also allowed for limited jurisdictional discovery on the question of whether a mandatory directive governed the training of the TSA canine, and if one did exist, whether TSA employees followed its command.  *See Davis*, 196 F. Supp. 3d at 121–22.  Jurisdictional discovery closed in January 2017.  *See* Min. Order of Aug. 10, 2016.  On February 13, 2017, WMATA moved to dismiss.  *See* Def. WMATA's Mot. Dismiss ("WMATA's Mot. Dismiss"), ECF No. 30.  Three days later, the TSA moved to dismiss.  *See* Def. TSA's Mot. Dismiss ("TSA's Mot. Dismiss"), ECF No. 31.  Without ever moving for an

extension of time, Plaintiff filed an opposition to both motions on March 23, 2017. *See* Pl.'s Opp'n Defs.' Respective Mots. Dismiss ("Pl.'s Opp'n"), ECF No. 32.

Subtracting the case caption, signature block, and certificate of service, Plaintiff's opposition is just over a half of a page in length. *See* Pl.'s Opp'n. Of that half-page, only two sentences could be classified as anything but formalities or background. *See* Pl.'s Opp'n ¶¶ 2–3. Those paragraphs read as follows:

> 2. The TSA supplied a canine to the sheriff's office that eventually bit the minor plaintiff without cause or provocation.

> 3. Plaintiffs should be permitted to proceed with their case against Defendants to prove that whether [sic] the TSA knew or should have known that the canine was a danger to the public.

Pl.'s Opp'n ¶¶ 2–3. The TSA filed a reply to this opposition, arguing that the Court should treat its motion as conceded both because Plaintiff filed the opposition over 20 days late, and because she did not meaningfully respond to its motion. *See* Def. TSA's Reply Supp. Mot. Dismiss, ECF No. 33. Presumably because Plaintiff's opposition did not address WMATA or the arguments it raised in its motion to dismiss, WMATA did not file a reply.

## IV. ANALYSIS

Among other reasons, WMATA moved to dismiss on the grounds that it has sovereign immunity in cases involving "an exercise of a governmental function," which includes "the exercise of its police functions." WMATA's Mot. Dismiss at 5–7. The TSA moved to dismiss on the grounds that it is entitled to sovereign immunity under the "discretionary function exception" to the Federal Tort Claims Act ("FTCA"), because TSA's canine training decisions are "grounded in social, economic, and political policy." TSA's Mot. Dismiss at 10–13. As outlined above, Plaintiff did not respond to either argument.

### A. Plaintiff Effectively Concedes Defendants' Motions

Under Local Civil Rule 7(b), in the absence of a scheduling order, a party's memorandum in opposition to a motion is due 14 days after the motion is served. "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). If a party needs more time to complete a memorandum in opposition, she must file a motion for an extension of time. *See* Fed. R. Civ. P. 6(b)(1). In fact, it is an abuse of discretion for a court to consider a late filing in the absence of such a motion. *Smith v. District of Columbia*, 430 F.3d 450, 456–57 (D.C. Cir. 2005) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990)); *see also D.A. v. District of Columbia*, 07-cv-1084, 2007 WL 4365452, at *2 (D.D.C. Dec. 6, 2007). Plaintiff filed her opposition to the motions to dismiss well outside of the 14-day limit established by the local rules. *See* LCvR 7(b). *Compare* WMATA's Mot. Dismiss, *and* TSA's Mot. Dismiss, *with* Pl.'s Opp'n. She has still not moved for an extension of time. Thus, the Court will disregard Plaintiff's opposition to the motions to dismiss. This makes Defendants' motions functionally unopposed. *See Syska Hennessey Grp. Const., Inc. v. Black*, 06-cv-486, 2007 WL 2908746, at *1 (D.D.C. Oct. 1, 2007).

Notably, even if Plaintiff had sought leave to late file, she would have had to make a showing of "excusable neglect." Fed. R. Civ. P. 6(b); *see also D.A.*, 2007 WL 4365452, at *2. Establishing excusable neglect requires a movant to "state with particularity the grounds" for the motion, and "allege the facts constituting excusable neglect; the mere assertion of excusable neglect unsupported by facts [is] insufficient." *Inst. For Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007). Without such a showing, even if a motion for an extension of time had been made, the Court could grant the motions and dismiss the complaint without prejudice. *See* LCvR 7(b)(1)(B); *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016)

("Because the district court properly denied [the plaintiff's] motion to extend time, the court did not consider [the] opposition brief. At that point the tardy opposition was equivalent to no opposition at all. Under our precedent, the district court did not commit reversible error in granting the defendants' unopposed motion to dismiss the complaint . . ., at least insofar as dismissal was without prejudice."); *see also Habliston v. FINRA Dispute Resolution, Inc.*, 15-cv-2225, 2017 WL 1906584, at *3 (D.D.C. May 8, 2017).

Although the D.C. Circuit has held that courts may not dismiss cases with prejudice for failure to oppose when a party has late-filed an opposition, *see Cohen*, 819 F.3d at 481, "[i]t is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain *arguments* raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 15-cv-174, 2017 WL 3278839, at *7 (D.D.C. Aug. 1, 2017) (emphasis added) (quoting *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)); *see also Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015), *cert. denied sub nom. Texas v. Davis*, 136 S. Ct. 981 (2016) ("[Local Rule 7(b)] is understood to mean that if a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded."). To determine whether the arguments are conceded when an opposition has been disregarded as late-filed, the court must look to the late-filed opposition to determine whether the opposition "attempt[ed] to remedy" the effective concession through an "attempt to respond to the motion to dismiss." *See Cohen*, 819 F.3d at 483–84 (comparing the facts in *Cohen* to those in *Fox v. American Airlines*, where a court justifiably dismissed a case with prejudice because the plaintiff did not respond to the motion at all, and concluding that "Cohen's relatively prompt attempt to respond to the

5

motion to dismiss, as well as the absence of any bad faith or prejudice to the defendants, makes all the difference").

Plaintiff simply made no effort to respond to either of Defendants' immunity arguments. WMATA argued that it was immune from suit under the WMATA Compact. WMATA's Mot. Dismiss at 5–7. The TSA maintained that it was immune under the discretionary function exception to the Federal Tort Claims Act. TSA's Mot. Dismiss at 10–13. Plaintiff did not mention immunity, let alone these statutes or their exceptions. *See* Pl.'s Opp'n. The Court is not inclined to parse through Defendants' legal arguments and come up with the arguments it feels would have best supported Ms. Davis's case. *Hewitt v. Chugach Gov't Servs., Inc.*, 16-cv-2192, 2016 WL 7076987, at *3 (D.D.C. Dec. 5, 2016) ("Plaintiff's abbreviated two-page Opposition does not even mention the manual or make any other argument that it could somehow support a different or separate claim such that dismissal would be unwarranted. In such a circumstance, it is not the Court's duty to articulate a theory for him."). Accordingly, the Court treats Defendants' sovereign immunity arguments as conceded, grants the motions to dismiss, and dismisses the case.

**B. Even if Plaintiff Had Not Conceded Defendants' Motions, They Would be Granted**

Even if the Court were not to treat Defendants' sovereign immunity arguments—and, effectively, their motions to dismiss—as conceded, the Court would still dismiss the case on sovereign immunity grounds.

With respect to the TSA, as noted by the Court in its prior memorandum opinion, the training of canines generally qualifies under the discretionary-function exception of the FTCA, because "[j]ust as with human employees, creating a training program for canines 'requires consideration of fiscal constraints, public safety, the complexity of the task involved, the degree

of harm a wayward [canine] might cause, and the extent to which [canines] have deviated from accepted norms in the past." *Davis*, 196 F. Supp. 3d at 119 (alterations in original) (quoting *Burkhart v. WMATA*, 112 F.3d 1207, 1217 (D.C. Cir. 1997)). However, because it was possible that the injury resulted "from a government employee's failure to follow a specific, mandatory policy requiring a particular course of action"—which would not qualify under the exception— the Court allowed limited jurisdictional discovery so that Plaintiff had a chance to identify such a policy. *Id.* Despite ample opportunity for jurisdictional discovery, Plaintiff has failed to identify any regulation, statute, or policy that was violated. *See generally* Pl.'s Opp'n. Thus, the Court would dismiss Plaintiff's claims against the TSA even if its motion to dismiss were not conceded. *See Davis*, 196 F. Supp. 3d at 113 (describing Plaintiff's burden to establish subject-matter jurisdiction).

As for WMATA, its "police activities are an exercise of a 'governmental' function, and hence lie outside the scope of [WMATA's] waiver of sovereign immunity." *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987). The operation of a police force is a quintessential governmental function. *Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). Plaintiff's claim against WMATA stems from WMATA's utilization of a Monroe County police officer and a TSA canine to provide security to the Metro system during Inauguration Day, which qualify as police activities. *See* Am. Compl. ¶ 15. And even if the utilization of such security assets did not qualify as a "quintessential government function," the claims would still be dismissed, because WMATA's request for—or consent to—the presence of such security assets was a discretionary function for the same reasons that it was for the TSA. *See Burkhart*, 112 F.3d at 1217. Thus, the court would also dismiss Plaintiff's claim against WMATA.

## V.  CONCLUSION

For the foregoing reasons, WMATA's motion to dismiss is granted and the TSA's motion to dismiss is granted.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 28, 2017                                          RUDOLPH CONTRERAS
                                                                 United States District Judge